### STEVENS v HOWARD et

Ohio Appeals, 1st Dist, Hamilton Co

No 4019.   Decided April 4, 1932

August A. Rendigs, Jr., Cincinnati, and John G. Hudson, Cincinnati, for plaintiff in error.

Frank H. Kunkel, Cincinnati, and Oliver G. Bailey, Cincinnati, for defendants in error.

ROSS, PJ.

The trial court found that this act constituted a settlement of past dealings between Howard and Stevens, the latter consenting to the release of his one-half interest therein, and in this conclusion it was justified by ample evidence. Stevens, by his evidence, seeks to engraft a trust in his favor, subsequent to the date of transfer, upon a one-half interest in this farm. His evidence wholly fails to reach that stage of conclusiveness required by a long line of acknowledged authorities, in order to engraft a trust upon real estate by parol evidence.

The trial court would not have been warranted by the evidence in finding otherwise than that no such trust was shown.

The evidence upon the question of the accounts between the parties was extended. An expert accountant found substantial errors in the account presented by the plaintiff in error. To secure this account it was necessary for the defendants in error to file one of the suits involved herein. The account as presented by plaintiff in error is irregular and made up from many sources. It is impeached by the fact that the plaintiff in error lost the books which would show the account for the years 1916, 1917, 1918 and 1919, when prices were high due to the existence of the war during at least three of these years.

When an agent or trustee seeks to charge his principal or the beneficiary upon an account, which it is his duty to keep, any ambiguity, uncertainty, or indefiniteness therein will be construed against the agent or trustee, for it is within his power to accurately preserve the conclusive evidence of his receipts and disbursements.

The plaintiff in error can not now be heard to complain of a decision adverse to him, because he did not do what he could have done—preserve a clear, detailed, and accurate account, supported by the necessary vouchers.

The evidence shows that both Howard and Mrs. Howard relied almost completely upon the fairness and honesty of the plaintiff in error and left everything to his integrity, and his account is, therefore, subject to strict scrutiny.

The decision of the trial court gave Stevens full measure of justice upon this phase of the controversy.

The entire enterprise was disastrous to the defendants in error upon the consideration of compensation. Had a cross-petition in error been filed by the defendants in error, we should have been inclined to grant a reversal upon the weight of the evidence.

There is slight if any evidence indicating that Stevens was to secure any compensation beyond his share in those farms in which he still retained an interest. The evidence sustaining the claim of Stevens to compensation for the management of the "Cabin Farm," which after 1917 was deeded to Mrs. Howard, is, outside of the statement of plaintiff in error, of little, if any weight. It indicates rather mismanagement than management.

A consideration of the entire record causes us to conclude that the plaintiff in error received on the whole far more than he had in justice a right to claim.

The trial court, as indicated by his opinion, gave the case most careful consideration, and if any error intervened it was in favor of the plaintiff in error.

The judgment will be affirmed.

HAMILTON and CUSHING, JJ, concur.